**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| RASHEEN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-CV-52-CMS |
| | ) | |
| CLAY STANTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendants[1] Ryan M. Crews, Joseph Paul Drake, Clay M. Stanton, Trisha Beck, Matt Mason, Gloria Mustain, Martin Montgomery, and Monica Pierce's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 17. Plaintiff filed a response, as well as a Motion to File Amended Complaint. ECF No. 20 and 21. Defendants have filed a reply and opposition to Plaintiff's Motion. ECF No. 22. The matter is now fully briefed for the Court's review. For the following reasons, the Court will deny Defendants' Motion in part and grant the Motion in part. Also, Plaintiff's Motion to File Amended Complaint will be granted. Accordingly, the remaining Defendant shall file an answer to Plaintiff's Amended Complaint in the time allowed by the Federal Rules of Civil Procedure.

### Background

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 against fourteen employees of the Missouri Department of Corrections, all in their official capacities. Plaintiff

---

[1] Plaintiff names several other defendants who are not currently represented by counsel. Counsel from the Attorney General's office contends that they were unable to locate anyone by the names of Unknown Cecil, Unknown Hartwigt or Unknown Mitchfield at the Missouri Department of Corrections. *See* ECF No. 17.

alleges Defendants violated his constitutional rights in a variety of ways. ECF No. 1. Plaintiff states he was an imam at Northeast Correctional Center (NECC). *Id*. at 12. Plaintiff notes NECC is a level two institution. *Id*. According to the Complaint, in September 2023, Warden Clay Stanton called Plaintiff to his office and told Plaintiff that he did not care about Muslims, and he could make Plaintiff's life miserable. *Id*. Stanton told Plaintiff, "I know you go to the Board and I got connections." *Id*.

On November 23, 2023, an unknown male investigator told Plaintiff he had "too much power," and Plaintiff was taken out of his cell. *Id*. Plaintiff claims his property was gathered by a "Mrs. Cecil" and he was transferred to Crossroad Correctional Center (CRCC). *Id*. Once at CRCC, Plaintiff was placed in a "Super Max," with restricted visitation. *Id*. at 13. He states he did not receive a change of clothes for three weeks and was not given any hygiene products for a week. *Id*. He alleges Defendant Mustain eventually gave him a toothbrush, but Plaintiff tasted a "foreign chemical" and believes the toothbrush was poisoned. *Id*. Plaintiff alleges he became sick and was denied medical treatment. *Id*. Plaintiff contends that the transfer and the treatment he received at CRCC was retaliation by Defendant Stanton. *Id*.

Further, Plaintiff alleges that much of his personal property was never delivered to him. *Id*. at 14. He was told his TV was broken and he did not receive his legal mail. *Id*. Plaintiff claims Defendant Beck told him that he received his legal mail, but Plaintiff denies this. *Id*. When Plaintiff confronted Defendant Beck, she allegedly threatened to have Plaintiff killed. *Id*.

Plaintiff claims that Defendant Drake warned him that if he did not stop controlling the Muslims he would never go home. *Id*. at 16. When Plaintiff went in front of the parole board, he was "set back 3 years and 9 months." *Id*. This would require Plaintiff to serve 17 years of his 18-year sentence. *Id*. at 18.

Plaintiff also contends he is being denied a secondary service, a requirement of Islam, by Defendant Matt Mason. *Id*. at 17. Plaintiff claims that, during Ramadan in 2025, Defendant Martin Montgomery did not allow Plaintiff to break his fast with other Muslims. *Id*. Plaintiff states that Defendant Montgomery threatened that Plaintiff would not be there long. *Id*. Plaintiff was transferred shortly thereafter. *Id*.

**Motion to Dismiss**

Now before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 17. Defendants argue that Plaintiff exclusively sues the Defendants in their official capacities, which would entitle the Defendants to Eleventh Amendment and sovereign immunity defenses. *Id*. Defendants also argue that although Plaintiff has asserted violations of the Fourth and Thirteenth Amendments, he has failed to state a claim. *Id*.

**Plaintiff's Response and Motion to File Amended Complaint**

Plaintiff responds that Defendants do not address the facts of the Complaint. ECF No. 21. Plaintiff requests leave to file an amended complaint so that he can assert claims against Defendants in their individual capacities and supplement facts relevant to his claimed constitutional violations. ECF No. 21-2 at 2. The proposed amended complaint would address claims against each Defendant.

1. Clay Stanton

Plaintiff asserts claims against Defendant Stanton in his official and personal capacities. *Id*. at 3. In September 2023, Stanton called Plaintiff to his office to discuss potential violence between Muslims and another group. *Id*. Stanton told Plaintiff to stop the conflict, he did not care about Muslims, he was in control of the yard, and he could make Plaintiff's life miserable. *Id*.

Plaintiff alleges his First Amendment rights were violated because Defendant Stanton singled him out and threatened him due to his faith. *Id*. Plaintiff alleges his Fourteenth Amendment rights were violated because Defendant Stanton "authorized my transfer to a Higher level Institution where I was placed in Segregation-super max from out of my level 2 cell." *Id*. Plaintiff alleges this was retaliation because Defendant Stanton knew Plaintiff was a Muslim leader. *Id*. Plaintiff also states a claim against Defendant Stanton in his official capacity. *Id*. Plaintiff alleges Defendant Stanton violated his Fourth Amendment rights by having Plaintiff searched and his property seized. *Id*. at 5. Plaintiff further alleges Defendant Stanton violated his Eighth Amendment rights by having Plaintiff transferred to another facility, where he was given "poison." *Id*.

2. Ryan Cruz

Plaintiff insists he pursues Defendant Cruz in only his official capacity. *Id*. at 6. Plaintiff alleges Defendant Cruz violated his Fourteenth Amendment rights by overseeing his transfer to CRCC and responding to his grievances. *Id*.

3. Unknown Mitchfield

Plaintiff sues Defendant Mitchfield in her individual capacity, stating she violated his Fourteenth Amendment rights by being involved with his transfer to CRCC and by threatening Plaintiff "about being a Muslim." *Id*. at 8.

4. Unknown Male Investigator

Plaintiff sues an unknown male investigator (who he identifies by the last name Hartwigt) in his individual capacity, stating that on November 23, 2023, Defendant Hartwigt came to Plaintiff's cell and took Plaintiff up front for transfer. *Id*. at 9.

5. Unknown Cecil

Plaintiff sues Defendant Cecil in her individual capacity. *Id*. at 10. Plaintiff alleges Cecil packed his property at NECC. *Id*. Plaintiff maintains that his legal mail went missing and his TV was broken after Defendant Cecil claimed to have packed these items. *Id*. Plaintiff claims the interference with his legal mail violated his constitutional rights. *Id*.

6. Gloria Mustain[2]

Plaintiff sues Mustain in her individual capacity claiming that she gave him a toothbrush that had "some sort of chemical/poison on it which made me sick." *Id*. at 11. Plaintiff claims this incident "was Retaliation for Being a Muslim." *Id*. Plaintiff stated he coughed up blood and had a heavy nosebleed afterwards. *Id*.

7. Trisha Beck[3]

Plaintiff sues Defendant Beck in her individual capacity, stating that she oversaw his property at CRCC and "never gave me all my legal mail nor all my property." *Id*. at 12. When Plaintiff questioned Defendant Beck about the missing property, Beck cursed at Plaintiff and threatened to have him killed. *Id*.

8. Monica Pierce[4]

Plaintiff sues Defendant Pierce in her individual capacity, claiming she conspired with Beck and others to take his property. *Id*. at 13.

[2] Defendant's name is listed as "Unknown Mustang" on the docket sheet. The Court will direct the Clerk to change the name to Gloria Mustain, as identified by Defendant's counsel. ECF No. 17.
[3] Defendant's name is listed as "Unknown Beck" on the docket sheet. The Court will direct the Clerk to change the name to Trisha Beck, as identified by Defendant's counsel. ECF No. 17.
[4] Defendant's name is listed as "Unknown Peince" on the docket sheet. The Court will direct the Clerk to change the name to Monica Pierce, as identified by Defendant's counsel. ECF No. 17.

9. Joseph Paul Drake[5]

Plaintiff's claim against Defendant Drake is difficult to follow because many of the handwritten words and sentences are crossed out. *Id*. Plaintiff refers to two people in this section – Warden Drake and C/O Drake. *Id*. He appears to file against Joseph Paul Drake, also known as Warden Drake, in his individual capacity. *Id*. Plaintiff claims he was targeted by Warden Drake, including being moved from cell to cell and harassed due to his religion. *Id*.

10. Martin Montgomery

Plaintiff sues Defendant Montgomery in both his official and individual capacity. *Id*. at 14. Plaintiff alleges that Defendant Montgomery did not allow Muslims to break their fast together and required their primary and secondary service on the same day. *Id*. Plaintiff also states that Montgomery retaliated against Plaintiff by transferring him to "Death Row prison." *Id*.

11. C/O Drake[6]

Plaintiff sues Defendant Drake in his individual capacity and claims Defendant Drake told Plaintiff to "stop controlling the Muslim Dudes" if Plaintiff wanted to go home. *Id*. at 16.

12. Matt Mason

Plaintiff sues Defendant Mason in his official capacity only. Similar to the complaints against Defendant Montgomery, Plaintiff states Defendant Mason did not allow Muslims to break their fast together and required their primary and secondary service on the same day. *Id*. at 17.

---

[5] The entry for this Defendant on the docket sheet is "Unknown Drak". The Court will direct the Clerk to change the name Unknown Drak to Joseph Paul Drake, as identified by Defendant's Counsel. ECF No. 17.

[6] The entry for this Defendant on the docket sheet is "Paul Orak". The Court will direct the Clerk to change the name Paul Orak to C/O Drake, as identified by Plaintiff. ECF No. 21-1 at 16.

13. Unknown Male Parole Member[7]

Plaintiff sues this Defendant in his official capacity only. *Id*. at 18. Plaintiff complains that he was given no explanation for the delay of his release date, though he acknowledges that the parole board has discretion.

14. Unknown Female Parole Member[8]

Plaintiff also sues this Defendant in her official capacity only, stating the same complaints as against Unknown Male Parole Member. *Id*. at 19.

**Defendants' Reply**

Defendants argue that Plaintiff's motion for leave to amend should be denied because the amendments are futile as they fail to state a claim for which relief can be granted. ECF No. 23. Defendants cite caselaw that an inmate has no right to remain in a particular institution and thus Plaintiff's claims relating to prison transfers fail to show a constitutional violation. *Id*. at 2-3. They also cite caselaw that would negate Plaintiff's allegations that his Fourth Amendment rights were violated by prison searches, as prison officials are given significant latitude to conduct searches in prison. *Id*. at 4.

**Discussion**

Leave to amend "shall be given freely when justice so requires." Federal Rule of Civil Procedure 15(a). A court may deny leave to amend in cases of "undue delay, bad faith, or ….futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc*., 406 F.3d 1052, 1065 (8th Cir. 2005) (quoting *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003)). Defendants argue that Plaintiff's proposed amended complaint is futile because

[7] The entry for this Defendant on the docket sheet is "Unknown Parole Board Member 1".
[8] The entry for this Defendant on the docket sheet is "Unknown Parole Board Member 2".

Plaintiff still fails to state a claim upon which relief can be granted. As discussed below, the Court finds that Plaintiff's proposed amended complaint is not futile, as he is able to state a claim upon which relief can be granted. Thus, the Motion for Leave to File Amended Complaint will be granted.

As to the Motion to Dismiss Plaintiff's Complaint, to survive dismissal under Rule 12(b)(6), a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is satisfied when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019).

The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). However, "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff has presented "enough facts to state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570.

A complaint filed by a self-represented plaintiff, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). "[I]f the essence of an allegation is discernible...then the district court should construe the complaint in a way that permits the layperson's claim to be considered

within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

While Defendants correctly identify several futile amendments in Plaintiff's Motion for Leave to Amend Complaint, Plaintiff states a claim that is not addressed by Defendants and that sufficiently states a claim for relief. Therefore, the Motion to Dismiss will be granted in part and denied in part.

**A. Official capacity claims**

Defendants are correct in their Motion to Dismiss when they point out that State officials acting in their official capacity are not "persons" under Section 1983. ECF No. 18 at 4. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

Even in his proposed amended complaint, Plaintiff persists in pursuing several defendants in their official capacities only: Ryan Cruz, Matt Mason, Unknown Male Parole Member, and Unknown Female Parole Member. These claims must be dismissed as these defendants in their official capacities are not subject to suit under Section 1983.

**B. Failure to state a claim upon which relief can be granted**

**1. Clay Stanton**

Plaintiff alleges his constitutional rights were violated because Defendant Stanton singled him out and threatened him due to his faith, authorized a transfer to a higher-level institution, and

had his property searched and seized. Plaintiff has failed to plead sufficient facts that would allow the Court to reasonably infer that Defendant Stanton violated Plaintiff's constitutional rights.

First, the alleged threats by Defendant Stanton include his mentioning the parole board and making Plaintiff's life miserable. "Verbal threats and name calling usually are not actionable under § 1983." *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993). Plaintiff describes only a single encounter with Defendant Stanton, and Defendant Stanton's comments, even if interpreted as threats, do not rise to actionable conduct under Section 1983.

Second, Defendants are correct that transfers from medium to maximum security facilities are well within prison administrators' authority and an inmate does not have a constitutional right to a particular facility. *See Williams v. Walls,* 744 F.2d 1345, 1346 (8th Cir. 1984) (finding that no liberty interest protected by the due process clause is implicated in a prison transfer); *see also Smith v. McKinney,* 954 F.3d 1075, 1079 (8th. Cir. 2020) (finding the transfer to a higher security facility is insufficient to establish a constitutional violation). Plaintiff's complaint that Defendant Stanton transferred him to a higher security facility does not establish a constitutional violation.

Finally, Plaintiff has failed to show any search or seizure that violated his clearly established constitutional rights. Plaintiff alleges Defendant Stanton had an investigator conduct a strip search and seized Plaintiff's property. He offers no timeframe for when these events occurred and does not describe what property was seized or if it was returned. Without further details, these allegations fail to state a claim. In many circumstances, courts have found visual body cavity searches of prisoners to be reasonable. *See Story v. Foote*, 782 F.3d 968, 972 (8th Cir. 2015) (finding a visual body cavity search of a prisoner while in view of other prisoners was

reasonable); *see also Goff v. Nix*, 803 F.2d 358, 366 (8th Cir. 1986) (finding visual body cavity searches for inmates who enter or leave the facility reasonable). Neither Plaintiff's allegation of a strip search at some point during his incarceration nor his unsupported and unexplained claim that Defendant Stanton seized Plaintiff's property amounts to a constitutional violation. Thus, the claims against Defendant Stanton will be dismissed.

**2. Unknown Mitchfield**

The only allegations against Defendant Mitchfield are that she was involved in his transfer and threatened him. Plaintiff does not elaborate on what the threat was. As explained above, a prison transfer and a verbal threat are insufficient to establish a constitutional violation. Therefore, the claims against Defendant Mitchfield will be dismissed.

**3. Unknown Male Investigator (Hartwigt)**

The sole allegation against this Defendant is that he was involved in Plaintiff's transfer to a higher-level security facility. As explained above, a prison transfer is insufficient to establish a constitutional violation. Therefore, the claims against Defendant Unknown Male Investigator will be dismissed.

**4. Unknown Cecil**

Plaintiff alleges Defendant Cecil packed his property at NECC and Plaintiff never received all his property, including his legal mail. Plaintiff claims the interference with his legal mail and the loss of property violated his constitutional rights.

Importantly, Plaintiff does not allege any facts that would suggest that Cecil intentionally deprived him of his property. The Supreme Court has stated, "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Thus, Plaintiff has failed to

allege a constitutional violation from the intentional loss of his property and Plaintiff's claims against Defendant Cecil must be dismissed.

**5. Gloria Mustain**

Plaintiff claims Defendant Mustain gave him a toothbrush with a strange taste. He alleges this later caused him to cough up blood and have a nosebleed. Plaintiff states he did not know Defendant Mustain before this incident but also claims that she retaliated against him based on his religion.

Nothing in the facts alleged by Plaintiff suggests Defendant Mustain intentionally poisoned or harmed Plaintiff. He merely concludes "[t]his was Retaliation for Being a Muslim," without providing any facts to support this claim. ECF No. 21- at 11. Even if Plaintiff became sick at some point after he used the toothbrush, this is insufficient to conclude that Defendant Mustain intentionally poisoned him. Plaintiff has failed to state a claim against Defendant Mustain, and this claim will be dismissed.

**6. Trisha Beck**

Plaintiff states two claims against Defendant Beck. First, he states that she was involved in the loss of his mail. For the reasons already explained, Plaintiff fails to plead the intentional loss of his mail and therefore fails to state a claim.

Second, Plaintiff alleges Defendant Beck threatened to have Plaintiff killed. While a death threat has been found to violate the Eighth Amendment, such a threat must appear credible to an inmate. *See Irving v. Dormire*, 519 F.3d 441, 450 (8th Cir. 2008) (finding a credible threat where a guard made repeated death threats and attempted to have inmate assaulted by other inmates). Plaintiff alleges only a single encounter with Defendant Beck and fails to plead any indication that he found this threat credible. He fails to state whether this threat caused him fear,

psychological distress, or any other harm. *See Id.* at 447 (prolonged fear of death is an injury serious enough to implicate the Eighth Amendment). As stated above, verbal threats are generally not constitutional violations, and Plaintiff has failed to plead any facts which would render the threat from Defendant Beck credible.

Therefore, the claims against Defendant Beck will be dismissed.

**7. Monica Pierce**

Plaintiff offers a conclusory claim that Defendant Pierce conspired with others to take his property. He provides no facts to support such a conspiracy and fails to state a claim. The claims against Defendant Pierce will be dismissed.

**8. Joseph Paul Drake**

Plaintiff summarily contends that Defendant Drake harassed him, including by moving his cells, due to Plaintiff's religion. Plaintiff provides no facts to support any harassment based on his religion. Therefore, Plaintiff has failed to state a claim against Defendant Drake, and this claim will be dismissed.

**9. Martin Montgomery**

Plaintiff argues Defendant Montgomery infringed on his First Amendment rights under the Free Exercise Clause, by not allowing him to break fast with the rest of the inmates and for not allowing a secondary service, which Plaintiff contends are fundamental to Islam. An inmate "claiming that a governmental policy or action violates his right to exercise his religion freely must establish that the action substantially burdens his sincerely held religious belief." *Weir v. Nix*, 114 F.3d 817, 820 (8th Cir. 1997). A substantial burden on an inmate's free exercise of religion "must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability

to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion." *Murphy v. Mo. Dep't of Corr.,* 372 F.3d 979, 988 (8th Cir.2004) (quotation and alterations omitted).

Plaintiff alleges breaking fast with others and allowing a secondary service on a separate day are fundamental to his religion and Defendant Montgomery's actions inhibited his ability to engage in those activities. Assuming the factual allegations are true and construing the amended complaint in Plaintiff's favor, as the Court must when considering a motion to dismiss, the Court finds that the allegations are sufficient to state a claim under the First Amendment.

As has already been established, transfer of an inmate to another facility is not a constitutional violation, meaning Plaintiff's claim against Defendant Montgomery related to his transfer must be dismissed.

**10. C/O Drake**

Plaintiff alleges Defendant Drake advised Plaintiff he would not go home if he did not stop controlling the Muslims. As stated above, a mere verbal threat is not a constitutional violation. Plaintiff has failed to state a claim against Defendant Drake, and this claim will be dismissed.

**Conclusion**

For all the reasons discussed herein, Plaintiff's Motion for Leave to File Amended Complaint will be granted. Defendants' Motion to Dismiss Plaintiff's Complaint will be denied in part and granted in part.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint [ECF No. 21] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [ECF No. 17] is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Defendants Ryan Crews, Joseph Paul Drake, Clay Stanton, Trisha Beck, Matt Mason, Gloria Mustain, Monica Pierce, C/O Drake, Unknown Mitchfield, Unknown Male Investigator, Unknown Cecil, Unknown Parole Board Member 1, and Unknown Parole Board Member 2 are **DISMISSED** from this action. An Order of Partial Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that, on the Court's own motion, the Clerk of the Court shall amend the caption to substitute "Unknown Drak" with Joseph Paul Drake; "Paul Orak" with C/O Drake; "Unknown Beck" with Trisha Beck; "Unknown Mustang" with Gloria Mustain; and "Unknown Pience" with Monica Pierce as the named defendants. The Clerk of Court shall amend the case caption and the short caption to reflect these substitutions.

**IT IS FURTHER ORDERED** that an appeal from this partial dismissal shall not be taken in good faith.

**IT IS FURTHER ORDERED** that remaining Defendant Martin Montgomery shall file an answer to Plaintiff's Amended Complaint within the time allowed by the Federal Rules of Civil Procedure.

Dated this 28th day of September, 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE